School District v. Driver.

and *Sedgwick & Wait on Trial of Title to Land, sec.* 798. Reversed and remanded for a new trial.

---

SCHOOL DISTRICT V. DRIVER.

SCHOOL LANDS;   *Action to recover.*
  The legal title to the school lands is in the state; and an action to recover such lands cannot, therefore, be maintained by a school district.  *Widner v. State,* 49 *Ark.,* 172.

APPEAL from *Mississippi* Circuit Court.
J. E. RIDDICK, Judge.

STATEMENT.

This was originally a proceeding in chancery to set aside and to declare fraudulent and void, a deed made by O. A. Hadley, governor, to E. R. Knight, for section 16, T. 10 W., R. 9 E.   The court refused to take jurisdiction of the cause in equity, and it was transferred to the law docket, and, by an amended complaint, made ejectment for the recovery of the land.   The plaintiff claimed title under the act of congress, entitled, " An act for the admission of the State of Arkansas into the Union," etc., approved June 15, 1836, and the act supplemental thereto, approved June 23, 1836; the ordinance and acceptance of compact of the general assembly, approved October 18, 1836, and the provisions of the ordinance adopted by the convention of delegates assembled for the purpose of framing a constitution, etc.; and also under the chapter of *Gould's Digest,* entitled, " SCHOOLS AND SCHOOL LANDS."   To these evidences of title the court sustained exceptions on the ground that they show no title in the plaintiff.   The court, sitting as a jury,

found for the defendant, dismissed the complaint, and rendered judgment against the plaintiff for costs. The court, in effect, held that the school district could not sue to recover the lands, and that the action must be brought in the name of the state, to the use of the district.

The plaintiff appealed.

*O. P. Lyles,* for appellant.

The school district had the right to sue for the lands. *Mansf. Dig., secs.* 6172–3; 38 *Ark.*, 454; *Gould's Digest, p.* 64, 65; *Ib., p.* 60–2; *Ib.,* 66; *Ib., p.* 981 *to* 1012; *Mansf. Dig., p.* 151; *Ib., p.* 153. The state held the lands in trust, and passed the act making the townships bodies corporate, with power to sue, thus transferring the title to the school districts.

*E. F. Adams,* for appellee.

OPINION.

COCKRILL, C. J.   The legal title to the school lands is in the state, and a school district cannot maintain an action for the possession of such lands. This follows from the judgment in *Widner v. State,* 49 *Ark.,* 172.

Affirm.